**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| CRYSTAL MARIE COURSEY, | |
| Plaintiff, | CIVIL COMPLAINT |
| v. | CASE NO. 3:18-cv-00040 |
| CENTRAL CREDIT SERVICES LLC, | |
| Defendant. | JURY DEMAND |

**<u>COMPLAINT</u>**

NOW comes CRYSTAL MARIE COURSEY ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of CENTRAL CREDIT SERVICES LLC ("Defendant"), as follows:

**NATURE OF THE ACTION**

1.   Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.*, for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2.   This action arises under and is brought pursuant to the FDCPA and TCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.  Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Texas.

**PARTIES**

4.   Plaintiff is a 35 year old natural person who at all times relevant herein resided within the Northern District of Texas.

5.   Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6.   Defendant is a collection agency with its principal place of business located at 9550 Regency Square Boulevard, Suite 500, Jacksonville, Florida.  Defendant regularly collects upon consumers in the State of Texas.

7.   Defendant is a "person" as defined by 47 U.S.C. §153(39).

8.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

9.   In late 2016, Plaintiff began receiving calls to her cellular phone, (817) XXX-2474, from Defendant.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 2474.  Plaintiff is and always has been financially responsible for the cellular phone and its services.

11. Defendant has mainly used the phone number (844) 357-1040 when placing calls to Plaintiff's cellular phone.

2

12.   Upon information and belief, the above referenced phone number ending in 1040 is regularly utilized by Defendant during its debt collection activity.

13.   Upon answering calls from Defendant, Plaintiff has experienced a recorded message prior to being connected with a live representative.

14.   Upon speaking with Defendant's representatives, Plaintiff was informed that Defendant was seeking to collect upon a past due consumer obligation ("subject consumer debt").

15.   Unable to make payment due to financial hardship, Plaintiff informed Defendant's representatives of the same, and demanded that Defendant stop contacting her.

16.   Despite Plaintiff's demands, Defendant continued to systematically place collection calls to Plaintiff's cellular phone up until the summer of 2017.

17.   Defendant placed multiple calls to Plaintiff's cellular phone during the same day, in spite of Plaintiff's directive that it stop calling.

18.   Plaintiff has received not less than 99 phone calls from Defendant since asking it to stop calling.

19.   Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

20.   Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

21.   With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $69.00 to purchase and maintain an application on her cellular phone to help quell Defendant's calls.  However, the communications have continued.

22.   Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the

never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though full set forth herein.

24. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

25. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

26. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

27. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

**a. Violations of FDCPA §1692c(a)(1) and §1692d**

28. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

29. Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff after being notified to stop.  Defendant called Plaintiff at least 99 times in just a few months, after she had demanded that it stop.  This repeated behavior of systematically calling Plaintiff's phone in

4

spite of her demands was harassing and abusive.  The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

30. Defendant was notified by Plaintiff that its calls were not welcomed.  As such, Defendant knew that its conduct was inconvenient and harassing to her.

### b.  Violations of FDCPA § 1692e

31. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

32. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

33. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt.  In spite of the fact that Plaintiff demanded that it stop contacting her, Defendant continued to ceaselessly place automated calls to Plaintiff's cellular phone.  Instead of putting an end to this harassing behavior, Defendant systematically continued its contacts in a deceptive attempt to force Plaintiff into making a payment.  Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her via an automated system when it no longer had consent to do so.

### c.  Violations of FDCPA § 1692f

34. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

35. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff over 99 times after being notified to stop.  Attempting to coerce Plaintiff into payment by placing voluminous phone calls without her permission is unfair

and unconscionable behavior.  These means employed by Defendant only served to worry and confuse Plaintiff.

36. As pled in paragraphs 18 through 22, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, CRYSTAL MARIE COURSEY, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b.  Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c.  Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e.  Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

37.  Plaintiff repeats and realleges paragraphs 1 through 36 as though fully set forth herein.

38.  The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent.  The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

39.  Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone.  The recorded message which Plaintiff experiences prior to being connected with one of Defendant's representatives is instructive that an ATDS is being utilized to

generate the phone calls.  Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

40.  Defendant violated the TCPA by placing at least 99 phone calls to Plaintiff's cellular phone using an ATDS without her consent.  Any consent that Plaintiff *may* have given to the originator of the consumer debt, which Defendant will likely assert transferred down, was specifically revoked by Plaintiff's numerous demands that it cease contacting her.

41. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

42.  Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call.  Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff  is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).  Defendant was made aware of Plaintiff's wishes, but yet, in defiance of Plaintiff's demands, Defendant continued to knowingly and intentionally place mass calls to Plaintiff's cellular phone.

WHEREFORE, Plaintiff, CRYSTAL MARIE COURSEY, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.  Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c.  Awarding Plaintiff costs and reasonable attorney fees; and

d.  Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

43.  Plaintiff restates and realleges paragraphs 1 through 42 as though fully set forth herein.

7

44. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

45. Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

46. The subject consumer debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

    **a.   Violations of TDCA § 392.302**

47. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

48. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone at least 99 times after she notified it to stop calling.  The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment.  The nature and volume of phone calls would naturally cause an individual to feel oppressed.

49. Upon being told to stop calling, Defendant had ample reasons to be aware that it should not continue its harassing conduct, yet, Defendant consciously chose to ignore Plaintiff's requests and continued placing harassing calls to her cellular phone.

WHEREFORE, Plaintiff, CRYSTAL MARIE COURSEY, respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a.   Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

    b.   Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

    c.   Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d.  Awarding Plaintiff  punitive damages, in an amount to be determined at trial, for the underlying violations;

e.  Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: January 5, 2018                      Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)     s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103       Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                        Counsel for Plaintiff
Admitted in the Northern District of Texas   Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.                 Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200      2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                   Lombard, Illinois 60148
(630) 568-3056 (phone)                (630) 581-5858 (phone)
(630) 575-8188 (fax)                   (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com           thatz@sulaimanlaw.com